## UNITED STATES DISTRICT COURT
## DISTRICT OF RHODE ISLAND

| | |
|---|---|
| DERRICK ROSE, individually and on behalf of all others similarly situated, §<br>§<br>§<br>Plaintiff, §<br>§<br>v. §<br>§<br>§<br>FACEBOOK, INC. §<br>§<br>Defendant. § | CASE NO. **CA 10 - 232 S**<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## CLASS ACTION COMPLAINT

Plaintiff, Derrick Rose (hereafter "Rose" or "Plaintiff"), brings this action individually and on behalf of a nationwide class of all other persons similarly situated in the United States (hereafter "Class") against Facebook, Inc. (hereafter "Facebook" or "Defendant") for violations of the Stored Communications Act (hereafter "SCA"), 18 U.S.C. § 2701 *et seq* and breach of the implied covenant of good faith and fair dealing. Plaintiff seeks damages and equitable relief on his own behalf and on behalf of the Class. Plaintiff alleges the following upon personal knowledge as to his own acts, and upon information and belief based on the investigation conducted by Plaintiff's Counsel, as to all other matters:

### FACTUAL ALLEGATIONS

1.    Facebook is the largest internet social networking service in the United States. Plaintiff and the Class are users of Facebook's service and seek to remedy violations of their privacy rights by Facebook's recently released social network tool, named "Instant

Personalization", a "Social Plug-in" that allows third party websites to access users' personal information when users click on third party websites.

2.      When Facebook's Instant Personalization was first introduced, users did not have an informed choice as to whether or not to sign up for the application since Facebook automatically added the Instant Personalization application to all users of Facebook's service as an opt-in instead of an opt-out feature. Facebook launched Instant Personalization on or about April 18, 2010 as a social networking application that broadcasts users' personal information through the network unless users affirmatively opt-out.   Once Instant Personalization was activated, Facebook accessed its user's account and posted the user's profile information on unrelated sites such as Pandora, Yelp and Microsoft's Docs.

3.      Facebook unilaterally changed its users privacy settings for Instant Personalization on its network without users affirmatively changing such default settings.   Facebook did not adequately warn users that their information would be posted to unrelated third party websites. Nor did Facebook seek or receive informed consent and permission to do so.   Therefore, Facebook, without permission, shared information about users with unrelated third party websites.   Users could only avoid such sharing (i.e. after their public posting) by a complex affirmative opt-out procedure.

4.      The activation of Instant Personalization and the sharing of information about users with unrelated third party websites violated users reasonable expectations of privacy.   Users' private lists of all the persons they want to share information with may be very different from what they may want to share for purposes of social networking through Facebook.   Nevertheless, Facebook, without user authorization, accessed and made public the users' profile information.

5.      After April 23, 2010, Facebook changed its privacy settings for Instant Personalization to require an opt-in setting to activate Instant Personalization, however, Facebook still discloses

users information to third party websites through friends who have not disabled the service.

## JURISDICTION AND VENUE

6.     This Court has subject matter jurisdiction pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1332 (a) and 1332 (d), because the amount in controversy exceeds $5,000,000.00 exclusive of interests and costs, and more than two-thirds of the members of the putative Class are citizens of states different from that of Defendant.

7.     Venue for this action properly lies in this District pursuant to 28 U.S.C. § 1391 as the named Plaintiff resides in this District and Defendant has engaged in the business in this District.

## PARTIES

8.     Plaintiff, Derrick Rose, is an individual who resides in East Providence, Rhode Island and is a user of Facebook's social networking service.

9.     Defendant, Facebook is a Delaware corporation headquartered at Palo Alto, California and does business throughout the United States.

## CLASS ACTION ALLEGATIONS

10.    Plaintiff brings this action on behalf of himself and a Class of all other persons similarly situated pursuant to Fed. R. Civ. P. 23 as defined as follows:

> All persons who reside in the United States and who were Facebook account users prior to April 18, 2010 and to whose accounts Facebook added its Instant Personalization social networking tool.

11.    Excluded from the Class are Defendant; any parent, subsidiary, or affiliate of Defendant or any employees, officers, or directors of Defendant; legal representatives, successors, or assigns of Defendant; and any justice, judge or magistrate judge of the United States who may hear the case, and all persons related to any such judicial officer, as defined in

28 U.S.C. § 455(b).

12. **Numerosity.** The Class is so numerous and dispersed nationwide that joinder of all members is impracticable. Upon information and belief, the Class numbers in the hundreds of thousands if not millions. The exact number of Class members is unknown, but can be determined from Defendant's computerized and other records. Plaintiff reasonably estimates and believes that there are thousands of persons in the Class.

13. **Commonality.** There are numerous and substantial questions of law and fact that are common to all members of the Class, which questions predominate over any question affecting only individual Class members. The members of the Class were and continue to be subjected to the same practices of the Defendant. The common questions and principal common issues raised by Plaintiff's claims include: whether Defendant publicly shared Plaintiff and the Class' private user information with Plaintiff and the Class through its actions as described herein; whether public sharing by defendant of plaintiff and the class' private information was authorized; to what extent Defendant shared information; whether Plaintiff and the Class have been damaged as a result of the Defendant's alleged violations as alleged herein; and if so the appropriate relief for Defendant's violations; whether Defendant has violated the SCA; what are the appropriate measure of damages and remedies against Defendant for any violations of the SCA; whether Defendant breached the covenant of good faith and fair dealing; and, the nature and extent of any other remedies, and injunctive relief, to which Plaintiff and the Class are entitled.

14. **Typicality.** Plaintiff's claims are typical of the claims of all of the other Class members, because his claims are based on the same legal and remedial theories as the claims of the Class and arise from the same course of conduct by Defendant.

15. **Adequacy.** Plaintiff will fairly and adequately protect the interest of all Class members in the prosecution of this Action and in the administration of all matters relating to the claims stated herein. Plaintiff is similarly situated with, and has suffered similar injuries as, the members of the Class they seek to represent. Plaintiff has retained counsel experienced in handling class action lawsuits. Neither Plaintiff nor his counsel has any interest which might cause them not to vigorously pursue this action.

16. **Superiority.** A class action is superior to other available methods for the fair and efficient adjudication of the controversy, since individual joinder of the Class is impracticable. Even if individual Class members were able to afford individual litigation, it would be unduly burdensome to the Courts in which the individual litigation would proceed. Defendant has subjected the entire Class to the same violations as referenced herein. Accordingly, class certification is appropriate under Rule 23 because common issues of law and fact regarding Defendant's uniform violations predominate over individual issues, and class certification is a superior method of resolving these claims. No unusual difficulties are likely to be encountered in the management of this action as a class action. The Defendant has acted and continues to act in a manner that is generally applicable to all members of the Class making final injunctive relief appropriate.

## CAUSES OF ACTION

## FIRST CAUSE OF ACTION

**(Stored Communications Act, 18 U.S.C. § 2701 *et seq.*)**

17. Plaintiff, on behalf of himself and the Class, hereby incorporates by reference the allegations contained in all of the preceding paragraphs of this complaint.

18. In relevant part, 18 U.S.C. § 2701(a)(1)-(2) of the SCA provides that an offense is

committed by anyone who: (1) intentionally accesses without authorization a facility through which electronic communication service is provided; or (2) intentionally exceeds an authorization to access that facility; and thereby obtains…[an] electronic communication while it is in electronic storage in such system.

19.     Facebook intentionally exceeded its authorization to access and control confidential and private information relating to Plaintiff and the Class' electronic communications in violation of 18 U.S.C. § 2701 *et seq* of the SCA.

20.     In relevant part, 18 U.S.C. § 2702(a) (1)-(2) of the SCA provides that a person or entity shall not: (1)…knowingly divulge to any person or entity the contents of a communication…; and (2)…shall not knowingly divulge to any person or entity the contents of any communication…

21.     Section 2707 of the SCA provides for a civil cause of action and allows for damages, declaratory and equitable relief.

22.     Facebook knowingly, willfully, unlawfully and intentionally without authorization divulged confidential and private information relating to Plaintiff and the Class' electronic communications in violation of 18 U.S.C. § 2701 *et seq* of the SCA.

23.     Plaintiff and the Class seek damages, including, but not limited to punitive damages, declaratory and injunctive relief.

## SECOND CAUSE OF ACTION

### (Breach of Implied Covenant of Good Faith and Fair Dealing)

24.     Plaintiff, on behalf of himself and the Class, hereby incorporates by reference the allegations contained in all of the preceding paragraphs of this complaint.

25.     A covenant of good faith and fair dealing, which imposes upon each party to a contract a duty of good faith and fair dealing in its performance, is implied in every contract, including the Agreement that embodies the relationship between Facebook and its users.

26.     Good faith and fair dealing is an element imposed by common law or statute as an element of every contract under the laws of every state.  Under the covenant of good faith and fair dealing, both parties to a contract impliedly promise not to violate the spirit of the bargain and not to intentionally do anything to injure the other party's right to receive the benefits of the contract.

27.     Plaintiff and the Class reasonably rely upon Facebook to act in good faith both with regard to the terms of the Agreement and in the methods and manner in which it carries out those terms.  Bad faith can violate the spirit of the Agreement and may be overt or may consist of inaction.  Facebook's inaction in failing to adequately notify Plaintiff and the Class of the release of personal information through its Instant Personalization program evidences bad faith and ill motive.

28.     The Agreement is a form contract, the terms of which Plaintiff and the Class are deemed to have accepted once Plaintiff and the Class sign up with Facebook.  The Agreement purports to give contractual discretion to Facebook relating to Facebook's protection of users' privacy.  Facebook is subject to an obligation to exercise that discretion in good faith.  The covenant of good faith and fair dealing is breached when a party to a contract uses discretion conferred by the contract to act dishonestly or to act outside of accepted commercial practices. Facebook breached its implied covenant of good faith and fair dealing by exercising bad faith in using its discretionary rights to deliberately, routinely, and systematically make users' personal profile information public by default.

29.     Plaintiff and the Class have performed all, or substantially all, of the obligations imposed on them under the Agreement, whereas Facebook has acted in a manner as to evade the spirit of the Agreement, in particular by deliberately, routinely, and systematically without notifying Plaintiff and the Class of the making user profile information public. Such actions represent a fundamental wrong that is clearly beyond the reasonable expectations of the parties. Facebook has assessed excessive, unreasonable, and unnecessary overdraft fees against Plaintiff and the Class, which fees are neither set nor disclosed in accordance with the reasonable expectations of the parties and which evidence a dishonest purpose.

30.     Facebooks' ill motive is further evidenced by its encouragement of participation in Instant Personalization users through opt-in privacy settings, while at the same time consciously and deliberately utilizing data mining to automatically and without notice capture private information of its members. Facebook profits from advertising revenues derived from its data mining efforts from Plaintiff and the Class.

31.     The obligation imposed by the implied covenant of good faith and fair dealing is an obligation to refrain from opportunistic behavior. Facebook has breached the implied covenant of good faith and fair dealing in the Agreement through its policies and practices as alleged herein. Plaintiff and the Class have sustained damages and seek a determination that the policies and procedures of Facebook are not consonant with Facebook's implied duties of good faith and fair dealing.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff, Derrick Rose, on behalf of himself and the Class, request the following relief:

1.     An order certifying that this action is properly brought and may be maintained as

a class action under Rule 23 of the Federal Rules of Civil Procedure, that Plaintiff be appointed

as Class Representatives, and that Plaintiff's counsel be appointed Class Counsel;

2.      An award of damages;

3.      Declaratory and injunctive relief;

4.      An award of reasonable attorneys' fees and costs;

5.      Such other relief at law or equity as this court may deem just and proper.


DATED this 21th day of May, 2010.


Peter N. Wasylyk (RI Bar # 3351)
LAW OFFICES OF PETER N. WASYLYK
1307 Chalkstone Avenue
Providence, Rhode Island 02908
401-831-7730 (telephone)
401-861-6064 (facsimile)
E-Mail:pnwlaw@aol.com

Additional Counsel for Plaintiff:


Andrew S. Kierstead
LAW OFFICE OF ANDREW KIERSTEAD
1001 SW 5th Avenue, Suite 1100
Portland, Oregon  97204
508-224-6246 (telephone)
508-224-4356 (facsimile)